```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 07-20195-CIV-GOLD
                              MAGISTRATE JUDGE P. A. WHITE
```

CHRISTOPHER WILBON,              :

    Plaintiff,              :

v.                               :          <u>REPORT OF</u>
                                                <u>MAGISTRATE JUDGE</u>
METRO DADE POLICE DEPT., ET AL.,:

                                 :
    Defendants.
_____

    This Cause is before the Court upon the defendants' joint Motion to Dismiss the Second Amended Complaint. [DE# 150].

    The plaintiff Christopher Wilbon originally filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983 for damages against Metro-Dade[1] Police Officers Dean, Bermudez and Jurado for their conduct during his arrest on April 8, 2003. [DE# 1]. The plaintiff is proceeding <u>in forma pauperis</u>. [DE# 12]. This civil action is proceeding against the three police officers on a claim that on April 8, 2003 following a chase which ended at his home, after he was handcuffed and subdued, Bermudez punched the plaintiff in the face and Dean and Jurado repeatedly kicked him, resulting in serious physical injuries which required multiple surgeries, and Dean and Bermudez violated the plaintiff's Fourteenth Amendment rights by not providing medical care. The Metro-Dade Police Department has been dismissed as a party to this action. The plaintiff is now represented by counsel.

---

  1. The Metro-Dade Police Department no longer exists, and is now the "Miami-Dade Police Department." The Miami-Dade Police Department is a subdivision of Miami-Dade County, and has police jurisdiction in the unincorporated areas of Miami-Dade County.

On July 28, 2008, Wilbon filed a motion for leave to file a superceding second Amended Complaint which raised the constitutional claims against the police officers and added a pendent state law claim of battery and seeks punitive damages and attorney's fees. [DE# 138].  Upon review of the proposed Second Amended Complaint, the Undersigned recommended that leave of court to amend be granted pursuant to Fed.R.Civ.P. 15(a) and the Second Amended Complaint [DE# 138] be the Operative Complaint in this Cause. [DE# 139].  The Honorable Alan S. Gold has issued adopting the recommendation that leave of court be granted to amend but instructed the plaintiff to cure the deficiencies in the Second Amended Complaint with regard to the paragraphs that incorporate prior paragraphs. [DE# 148].

The plaintiff refiled the Second Amended Complaint on September 15, 2008, making the necessary corrections and adding a few minor language changes. [DE# 149].  This pleading, which is also styled "Second Amended Complaint," is substantially similar to the proposed "Second Amended Complaint" filed earlier in that it raises the identical state and federal claims.

The defendants move to dismiss the allegations that the defendants violated the plaintiff's Fourteenth Amendment rights by not providing medical care. [DE# 150].  The defendants argue that the plaintiff has failed to sufficiently plead that the defendants had a subjective knowledge of the plaintiff's need for medical care.

This Court has previously determined that the plaintiff has raised sufficient allegations to state a Fourteenth Amendment claim against the defendants Dean and Bermudez based on the alleged denial of medical care.  [DE# 56, Order adopting Magistrate Judge's

Report and Recommendation].

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. See Fed.R.Civ.P. 12(b)(6). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

With regard to the allegations that the defendants violated the plaintiff's Fourteenth Amendment rights, the plaintiff alleges:

> 17. After Wilbon was on the ground and subdued, Defendants punched Wilbon in the face and kicked him.

18. Defendants' punching and kicking caused Wilbon to suffer a painful fracture of the orbital socket that required multiple surgeries.

19. Defendants then refused to render medical treatment to Wilbon despite Wilbon's requests for hours that he receive such treatment.

22. Defendant Dean also acted with deliberate indifference to Wilbon's serious medical needs by failing to render medical care to Wilbon.

30. Defendant Bermudez also acted with deliberate indifference to Wilbon's serious medical needs by failing to render medical care to Wilbon.

38. Defendant Jurado also acted with deliberate indifference to Wilbon's serious medical needs by failing to render medical care to Wilbon.

The constitutional duty to render medical care is generally considered to arise under the Fourteenth Amendment's Due Process Clause for pretrial detainees or the Eighth Amendment's Cruel and Unusual Punishment prohibition for convicted prisoners. See, e.g. DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 200 (1989). The Supreme Court, however, has not divided the category of "pretrial detainee" into subgroups, such as persons who have merely encountered a police officer and are not in custody or under arrest, persons in police custody, arrestees and pretrial detainees (in a detention facility). See, e.g. City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 243-245

4

(1983)(discussing the difference between pretrial detainees, including the plaintiff therein who was injured during an arrest, and convicted prisoners). Likewise, the Eleventh Circuit relies on only two general categories, pretrial detainees (including all persons not convicted) and convicted prisoners, and applies the Fourteenth Amendment "deliberate indifference" to the former and the Eighth Amendment "cruel and unusual" standard to the latter, though the standards are, for analytical purposes, identical. See Thomas v. Town of Davie, 847 F.2d 771 (11 Cir. 1988)(applying the Fourteenth Amendment to a claim of the alleged denial of medical care by police to an arrestee, who was labelled a "pretrial detainee" although the claim arose while the plaintiff was in police custody but prior to actual detention); also see Crosby v. Monroe County, 394 F.3d 1328, 1335 (11 Cir. 2004)(same).

Other federal appellate and district courts recognize three categories of individuals: arrestees and other individuals who come into contact with police officers in the "free world;" pretrial detainees housed in detention facilities awaiting disposition of pending criminal charges and convicted prisoners. The courts that draw a distinction between arrestees and detainees conclude that because the Fourth Amendment reasonableness standard applies to excessive force claims arising during the period of time before a person is arrested until the time the person leaves the custody (sole or joint) of the arresting officer, it would be illogical to hold that a plaintiff is an arrestee governed by the Fourth Amendment for certain types of claims such as excessive force and not an arrestee for other claims, such as denial of needed medical treatment immediately after the person is transferred from police custody to pretrial detention. These courts reason that police officers should be held to an objective standard of reasonableness for all of their conduct before a

5

judicial officer commits an arrestee to a pretrial holding facility. See, e.g. Estate of Phillips v. City of Milwaukee, 123 F.3d 586, 596 (7 Cir. 1997) (holding that police officers were objectively reasonable in handling plaintiff's medical situation during seizure); Powell v. Gardner, 891 F.2d 1039, 1044 (2 Cir. 1989) ("We think the Fourth Amendment should probably be applied at least to the period prior to the time when the person arrested is arraigned or formally charged, and remains in the custody (sole or joint) of the arresting officer"); cf. Boone v. Spurgess, 385 F.3d 923, 933-34 (6 Cir. 2004) (explaining without deciding that "there seems to be no logical distinction between excessive force claims and denial of medical care claims when determining the applicability of the Fourth Amendment"). See also Arum v. Miller, 331 F.Supp.2d 99, 111 (E.D.N.Y. 2004) (applying Fourth Amendment to claim of denial of medical care at time of arrest); Freece v. Young, 756 F.Supp. 699, 703 (W.D.N.Y. 1991) (applying Fourth Amendment to claim for denial of medical care).

The Eleventh Circuit has apparently never been squarely faced with the question of whether the Fourth, rather than the Fourteenth, Amendment might apply to allegations of denial of medical care by arresting police officers. The Thomas case appears to be the controlling authority at this time, holding that the substantive due process clause of the Fourteenth Amendment requires the responsible government or governmental agency to provide medical care to persons who have been injured while being apprehended by the police. In light of the absence of Eleventh Circuit precedent distinguishing between alleged denial of medical care by police to an arrestee and alleged denial of medical care by pretrial detention officials, this Court should apply the Fourteenth Amendment "deliberate indifference" standard in this case, rather than the Fourth Amendment's objective reasonableness

6

standard.  The distinction is important because, under the Fourth Amendment standard, the Court need only to decide, upon a view of the evidence most favorable to the plaintiff, whether the asserted denial of medical treatment was objectively unreasonable.  Under the Fourth Amendment, the denial of medical care to an arrestee is thus judged as but one component of the objective reasonableness standard for any "seizure" and is evaluated by reference to the totality of circumstances and the reasonable person standard.  Under the Fourteenth Amendment due process standard, however, the issue is whether the plaintiff was deprived of life or liberty without due process of law.

A claim of denial of medical care requires a showing of acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs or the unnecessary and wanton infliction of pain.  <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976); <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 (1979); <u>Hamm v. DeKalb County</u>, 774 F.2d 1567, 1571-74 (11 Cir.), <u>cert. denied</u>, 475 U.S. 1096 (1986).  A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  <u>Hill v. DeKalb County Reg'l Detention Center</u>, 40 F.3d 1176, 1187 (11 Cir. 1994).  The standard is met only where egregious conduct is present, as in instances where a state actor fails to respond to a known medical problem.

The plaintiff has raised sufficient factual allegations so that a claim of denial of his Fourteenth Amendment rights should proceed against Dean and Bermudez.  The plaintiff has alleged that he had a serious medical need - a serious, painful fracture in his orbital socket.  He alleges that all three officers punched him in the face and kicked him and denied his repeated requests for

7

medical care. The Undersigned finds that the fact that each of the officers allegedly used great force put them in a position to observe the plaintiff's acute need for medical care. This fact, together with the allegation that the officers repeatedly denied the plaintiff's requests for medical care (and the plaintiff ultimately needed multiple surgeries) suffices to state a claim that each officer had a subjective knowledge of the plaintiff's urgent need for medical care and failed to act, which may state a claim of a violation of the plaintiff's constitutional rights.

Based on the foregoing, it is recommended that the defendants' joint Motion to Dismiss [DE# 150] be denied, and the Second Amended Complaint [DE# 149] be the operative complaint in this Cause and proceed in its entirety.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 20th day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Geri Elaine Howell, Esq.
      Alfred John Saikali, Esq.
      Jared Ryan Sherr, Esq.
      Shook Hardy & Bacon L.L.P.
      Miami Center – Suite 2400
      201 S. Biscayne Boulevard
      Miami, FL 33131

      Oren Rosenthal, Esq.
      Craig Edward Leen, Esq.
      Rachel M. Wilhelm, Esq.

```
Assistant Miami-Dade County Attorney
Stephen P. Clark Center
Suite 2810
111 N.W. 1st Street
Miami, FL 33128-1993
```