```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 07-20195-CIV-GOLD
                         MAGISTRATE JUDGE P. A. WHITE
```

CHRISTOPHER WILBON,             :

    Plaintiff,               :

v.                              :          REPORT OF
                                                            MAGISTRATE JUDGE
METRO DADE POLICE DEPT., ET AL.,:

                                               :

    Defendants.
_____

      This Cause is before the Court upon the plaintiff's Unopposed Motion for leave to File Third Amended Complaint, Request for Mediation, and Supporting Memorandum of Law. [DE# 167].

      This case is currently pending on the plaintiff's Second Amended Complaint.

      The plaintiff Christopher Wilbon originally filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983 for damages against Metro-Dade[1] Police Officers Dean, Bermudez and Jurado for their conduct during his arrest on April 8, 2003. [DE# 1]. The plaintiff is proceeding <u>in forma pauperis</u>. [DE# 12]. He is now represented by counsel. This civil action is proceeding against the three police officers on a claim that on April 8, 2003 following a chase which ended at his home, after he was handcuffed and subdued, Bermudez punched the plaintiff in the face and Dean and Jurado repeatedly kicked him, resulting in serious physical injuries which required multiple surgeries, and Dean and Bermudez

---

  1.  The Metro-Dade Police Department no longer exists, and is now the "Miami-Dade Police Department."  The Miami-Dade Police Department is a subdivision of Miami-Dade County, and has police jurisdiction in the unincorporated areas of Miami-Dade County.

violated the plaintiff's Fourteenth Amendment rights by not providing medical care. The Metro-Dade Police Department has been dismissed as a party to this action. The plaintiff is now represented by counsel.

On July 28, 2008, Wilbon filed a motion for leave to file a superceding second Amended Complaint which raised the constitutional claims against the police officers and added a pendent state law claim of battery and seeks punitive damages and attorney's fees. [DE# 138]. Upon review of the proposed Second Amended Complaint, the Undersigned recommended that leave of court to amend be granted pursuant to Fed.R.Civ.P. 15(a) and the Second Amended Complaint [DE# 138] be the Operative Complaint in this Cause. [DE# 139]. The Honorable Alan S. Gold has issued adopting the recommendation that leave of court be granted to amend but instructed the plaintiff to cure the deficiencies in the Second Amended Complaint with regard to the paragraphs that incorporate prior paragraphs. [DE# 148].

The plaintiff refiled the Second Amended Complaint on September 15, 2008, making the necessary corrections and adding a few minor language changes. [DE# 149]. This pleading, which is also styled "Second Amended Complaint," is substantially similar to the proposed "Second Amended Complaint" filed earlier in that it raises the identical state and federal claims.

The defendants moved to dismiss the allegations that the defendants violated the plaintiff's Fourteenth Amendment rights by not providing medical care. [DE# 150]. The defendants argued that the plaintiff failed to sufficiently plead that the defendants had a subjective knowledge of the plaintiff's need for medical care.

The Undersigned issued a Report recommending that the defendants' joint Motion to Dismiss [DE# 150] be denied, and the Second Amended Complaint [DE# 149] be the operative complaint in this Cause and proceed in its entirety.

The plaintiff now seeks to proceed only on his claims of excessive force, eliminating the medical indifference claims. [DE# 167]. The Third Amended Complaint raises only claims of excessive force in violation of the plaintiff's federal constitutional rights and pendent state law battery claims.

Upon review of the Third Amended Complaint and the docket, it is recommended as follows:

1. The Second Amended Complaint [DE# 149] be dismissed.

2. The Motion to Dismiss [DE# 150] be denied as moot.

3. The Motion to Amend [DE# 167] be granted.[2]

4. The Third Amended Complaint [DE# 167] be the Operative Complaint and proceed in its entirety.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 9th day of March, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

1. The Undersigned has issued a separate ordering granting the request for mediation.

cc: Alfred John Saikali, Esq.
Jared Ryan Sherr, Esq.
Shook Hardy & Bacon L.L.P.
Miami Center - Suite 2400
201 S. Biscayne Boulevard
Miami, FL 33131

Oren Rosenthal, Esq.
Craig Edward Leen, Esq.
Rachel M. Wilhelm, Esq.
Assistant Miami-Dade County Attorney
Stephen P. Clark Center
Suite 2810
111 N.W. 1st Street
Miami, FL 33128-1993